377 F.2d 1
 Mrs. Annie C. LARKINS, Individually and as Executrix of the
Estate of Miss Bertha Cowan, Appellant,
v.
Ruth SILLS, Trustee in Bankruptcy for Wilson Edward Seaton,
Individually and d/b/a Catfish King, Inc.,
Bankrupt, Appellee.
 No. 23631.
 United States Court of Appeals Fifth Circuit.
 May 4, 1967.
 
 1
 Claude E. Hambrick, Charles H. Edwards, Atlanta, Ga., for appellant.
 
 
 2
 Samuel J. Zusmann, Jr., Morris W. Macey, Lipshutz, Macey, Zusmann & Sikes, Atlanta, Ga., for appellee.
 
 
 3
 Before COLEMAN and DYER, Circuit Judges and ESTES, District Judge.
 
 
 4
 ESTES, District Judge.
 
 
 5
 The Appellant, Annie C. Larkins (Appellant-Lessor), owner-lessor of improved real property in Conley, Georgia, appeals from the District Court's affirmance of an order of the Referee in Bankruptcy ruling that a sale, including an assignment of a lease, should be confirmed and Appellant-Lessor's petitions to abandon and reclaim be denied. The Appellee, Ruth Sills (trustee), is the trustee in bankruptcy of Catfish King, Inc. and of Wilson E. Seaton, individually and doing business as Catfish King, Inc.
 
 
 6
 On December 23, 1963, Appellant-Lessor leased the property to Seaton for ten years at a monthly rental of $600; and he and the corporation operated a restaurant, known as the Catfish King, until May 7, 1965, when Seaton and the corporation were voluntarily adjudicated bankrupt. Shortly after said adjudication, Seaton entered into an agreement with Appellant-Lessor's attorney for Seaton to continue the lease at an increased rental of $800 per month. Pursuant to this agreement, Seaton paid Appellant-Lessor's attorney $800 for the June, 1965 rent by a cashier's check purchased by Della Smith, a former employee of Seaton and a 'real personal friend.' Seaton had agreed to sublease the premises to Smith and work with her in operating the restuarant. The Appellant-Lessor knew of this agreement and Appellant-Lessor's attorney mailed a notice of cancellation of the original lease to Seaton, sending a copy of the notice to the trustee. Cancellation was based on a paragraph in the lease giving the lessor an option to cancel the lease in the event of lessee's bankruptcy. The attorney also had a telephone conversation with the trustee, making no mention of cancelling the lease but expressing an interest in having it abandoned by the trustee. The Appellant-Lessor's attorney also stated in the same telephone conversation that he would cooperate with the trustee in permitting the assigning of the lease and sale of the property of the bankrupt.
 
 
 7
 The agreement between Appellant-Lessor, Seaton and Smith became known to the Bankruptcy Court in a hearing on June 25, 1965, which followed the Appellant-Lessor's filing, on June 24, 1965, of a petition for adandonment of the property. After learning of the agreement between Appellant-Lessor, Seaton and Smith, the Referee expressed concern that a former cashier, 'in a manner of apparent subterfuge,' was going to lease the property and Seaton, the bankrupt, would become her employee. The court stated that this 'just doesn't smell right.' The trustee maintained that because of numerous mortgages on the physical assets, the only way a beneficial sale could be made would be as a package deal of the furnishings, fixtures and equipment, with an assignment of the lease. At the same June 25, 1965 hearing, the Appellant-Lessor's attorney stated to the Referee in Bankruptcy, 'We will cooperate in every way with Miss Sills (the trustee) to do whatever she wants to do with (the property).' No action was taken on the petition for abandonment at this hearing. Subsequently, the Appellant-Lessor was approached by third parties interested in purchasing the property, provided that it was not leased. The trustee also received offers for a package sale of the bankrupts' assets, including an assignment of the lease.
 
 
 8
 On August 6, 1965, the trustee filed an application to sell the property of the bankrupt, including an assignment of the lease, to a named buyer at a set price; and on August 18, Appellant-Lessor filed a reclamation petition for the leased property, asserting that the lease had been terminated.
 
 
 9
 After a consideration of evidence, the Referee ruled, on October 6, 1965, that:
 
 
 10
 'Counsel for Landlord, by quiescent consent, went along with the trustee's plans, mildly complaining about delays and contending that was no equity in the property for creditors. * * * It was not until the time of exposure to sale and the rather attractive bid on the property that serious manifestations of objections by the Lessor appeared. * * *
 
 
 11
 'Although there was no formal written rejection or assumption of the lease by the trustee, the Referee feels and finds that the conduct, tenor and assent of the parties were such as to construe an assumption to exist, conditioned upon Trustee finding a purchaser.
 
 
 12
 'The Referee finds further that the landlord's right of forfeiture has been waived and condoned by reason of the facts and circumstances in this case, and because of failure to exercise such right promptly, affirmatively and unmistakably.
 
 
 13
 'The Referee finds further that sale of the assets offered by the Trustee, including the lease, to the highest bidder, should be confirmed upon appropriate order being submitted.'
 
 
 14
 Appellant-Lessor appeals, saying that the Referee's order of October 6, 1965, as quoted above, is contrary to the evidence in this matter, except for the finding that there was no formal written rejection or assumption of the lease by the trustee, which the Appellant-Lessor says is correct. The Appellant-Lessor further states that all requirements for cancelling the lease had been complied with and that the trustee had failed to comply with 70(b) of the Bankruptcy Act, 11 U.S.C. 110(b), which required that 'Within 60 days after the adjudication (of bankruptcy), the trustee shall assume or reject any executory contract, including unexpired leases of real property * * * Any such contract or lease not assumed or rejected within such time * * * shall be deemed to be rejected.'
 
 
 15
 The Court is under a duty to accept the Referee's findings of fact unless such findings are clearly erroneous (General Order in Bankruptcy No. 47; Phillips v. Baker, 5 Cir., 1948, 165 F.2d 578). In Spach v. Strauss, 373 F.2d 641 (1967), this Court said:
 
 
 16
 '* * * When the referee's determination has been approved by the district court, it should not be disturbed on appeal except for the most cogent reasons. Minella v. Phillips, 5 Cir., 1957, 245 F.2d 687, 690.
 
 
 17
 'By confirming the referee's findings the District Court made them his own.
 
 
 18
 'Fed.R.Civ.P. 52(a) precludes reversal on a factual issue unless it is found to be clearly erroneous, Chaney v. City of Galveston, 5 Cir., 1966, 368 F.2d 774. * * *'
 
 
 19
 Collier on Bankruptcy, Vol. 1, P2.09 (14th ed., 1962), states:
 
 
 20
 'The bankruptcy court * * * is a court of equity. It will look through the form to the substance of any particular transaction and may contrive new remedies where those at law are inadequate. Where the Bankruptcy Act is silent, equitable principles will govern. But the equitable powers of the court are to be exercised within the limits laid down by the Act and subject to and consistent with any specific provisions contained in it.'
 
 
 21
 The Referee's ruling here is consistent with the portions of 70(b) of the Bankruptcy Act set forth above.
 
 
 22
 The Eighth Circuit stated, in Ten-Six Olive v. Curly, 208 F.2d 117, 123 (1953), that 'the 60 day limitation period of Section 70, sub. b was * * * inserted in the statute for the benefit of the lessor. We can see no reason why the lessor may not also waive the right accorded him by the terms of this statute.'
 
 
 23
 Similarly, the landlord's right to terminate a lease under a clause permitting termination in case of bankruptcy may be waived. Davidson v. Shivitz, 354 F.2d 946 (2 Cir., 1966).
 
 
 24
 The statements by Appellant-Lessor offering to cooperate with the trustee in assigning the lease are substantial evidence to support the Referee's findings concerning assumption of the lease by the trustee and Appellant-Lessor's waiver of rights with reference to forfeiting the lease.[1] This court cannot say that the Referee was clearly erroneous in confirming the sale of bankrupts' property, including assignment of the lease and denying Appellant-Lessor's petition for abandonment and reclaim.
 
 The judgment is
 
 25
 Affirmed.
 
 
 
 [1]
 We note that in doing equity the Bankruptcy Court considered the Appellant-Lessor and provided in its order of October 6, 1965, that the Trustee pay to the Appellant-Lessor rent from June 1, 1965, in the amount of $600 per month (as provided in the Appellant-Lessor's original lease with Seaton)