R. LANIER ANDERSON, III, Circuit Judge:
This case concerns the effect of bankruptcy proceedings on an unexpired lease. The bankruptcy court ruled that the lease in question had been expressly rejected by virtue of the court’s order confirming the debtor’s plan of reorganization. Finding no error in this holding, we affirm on this point. The bankruptcy court further held that doctrines of estoppel and waiver are unavailable as a matter of law once a lease has been expressly rejected. Because we disagree with this holding, we remand for further proceedings before the bankruptcy court.
I. FACTS AND PRIOR PROCEEDINGS
On December 1, 1966, Frieda Gluckstern and Sybil Gilman (“lessor”) leased a tract of land to Ranch House of Orange-Brevard, Inc., (“Ranch House”) at a rental of $433 a month for a term of twenty years. The lease was renewable for five additional five-year terms. Ranch House, with the consent of the lessor, subleased the property in 1977 to a third party for a monthly rental of $1300.
In 1980, Ranch House fell into arrears on its rental payments to the lessor. Ranch House subsequently filed a voluntary petition under Chapter 11 of the Bankruptcy Code on May 16, 1980. In connection with its petition, Ranch House filed a Plan of Arrangement in the bankruptcy, court on November 17, 1980. This initial plan contained a clause providing: “To the extent that any executory contracts exist which the Debtor has no [sic] already rejected or filed application to adopt, any and all exec-utory contracts are rejected.” Record at 4.
Upon learning of Ranch House’ Chapter 11 petition, the lessor filed an adversary proceeding in the bankruptcy court seeking to have the automatic stay lifted, the lease with Ranch House terminated, and Ranch House evicted. This proceeding was abandoned when Ranch House cured its payment default. Counsel for Ranch House subsequently confirmed by letter to the lessor its understanding that the adversary proceeding had been settled, and that Ranch House would obtain a court order confirming its assumption of the unexpired lease.
Ranch House did not obtain the bankruptcy court’s approval of its lease assumption, but proceeded with its Chapter 11 case by filing an Amended Plan of Arrangement on February 27, 1981, (the “Amended Plan”.) The Amended Plan did not contain the catch-all clause rejecting executory contracts that had appeared in Ranch House’ initial plan, and it did not specifically reject or assume any unexpired leases. However, on July 6, 1981, Ranch House filed a document in the bankruptcy court listing unexpired leases it purported to assume. This *1168 document, which was not served on lessor, included the lease at issue in the present case.
The bankruptcy court confirmed Ranch House’ plan by order of October 19, 1981, with specific reference to the initial plan as amended by the Amended Plan and two later modifications. Attached to the confirmation order was a copy of the Amended Plan as further modified. The initial plan was not attached to the order.
In July of 1982, Ranch House sought to assign its interest in the lease to its subles-see, which required the lessor’s consent. The lessor refused to consent to the assignment, insisting that the amount of rent under the original lease would first have to be re-negotiated. Ranch House subsequently filed suit in a Florida state court, seeking to compel the lessor’s consent. The state court granted lessor a partial summary judgment, finding that Ranch House had not provided lessor with sufficient information about the proposed as-signee.
Ranch House filed a motion in the bankruptcy court for removal of the state court proceeding, which was granted. The bankruptcy court subsequently determined on cross motions for summary judgment that the subject lease had been expressly rejected by virtue of the October 19,1981, confirmation order and its reference to the initial Plan of Arrangement. In light of this holding, the bankruptcy court declined to reach Ranch House’ additional arguments concerning estoppel and waiver on the grounds that these theories are not available as a matter of law once an express rejection of an unexpired lease has occurred. Ranch House filed the present appeal from the district court’s order affirming the bankruptcy court’s judgment.
II. DISCUSSION
Ranch House makes several arguments in support of its contention that the unexpired lease was not expressly rejected. First, Ranch House observes that the second plan is styled “Amended Plan of Arrangement” and not “Amendment to the Plan of Arrangement.” Second, the Amended Plan is self-contained, makes no reference to the initial plan, and evidences no intent to incorporate the original plan. Third, the Amended Plan provides for treatment of secured and unsecured creditors that is substantially different than what is provided in the initial plan. Finally, only the Amended Plan as later modified was attached to the confirmation order; the initial plan was not attached.
The bankruptcy court rejected these arguments and concluded that the confirmation order rejected the lease. Although this interpretation is not entirely free from doubt, we cannot conclude that the bankruptcy judge’s interpretation of his own order is in error. The order explicitly refers to the initial plan as part of the plan being confirmed. To the extent that the Amended Plan is inconsistent with the initial plan, the later version could be considered controlling without entirely displacing unaffected clauses in the initial plan. Furthermore, we can discern no basis for deciding that the order itself was in error by referencing the initial plan, rather than that the error occurred when the initial plan was not attached to the order.
Most importantly, however, we are reluctant to disturb a bankruptcy court’s judgment interpreting its own earlier order. • The bankruptcy judge who has presided over a case from its inception is in the best position to clarify any apparent inconsistencies in the court’s rulings. We find no error in the present ease in the bankruptcy court’s interpretation of the confirmation order as embracing the initial plan.
Since the confirmation order included the initial plan, and since that plan rejected executory contracts, we affirm the decision holding that Ranch House expressly rejected the subject lease.
We do not agree, however, that doctrines of estoppel and waiver are unavailable as a matter of law once an express rejection of an unexpired lease has occurred. We have found no case directly *1169 addressing this point, but controlling authority in this circuit reaches a similar conclusion with respect to rejections that have occurred by operation of law. See Larkins v. Sills, 377 F.2d 1 (5th Cir.1967); see also Entin v. Stevens, 323 F.2d 894 (8th Cir.1963).
Our conclusion concerning estoppel and waiver finds further support in the recognition that bankruptcy courts are inherently courts of equity with broad remedial powers. “There is an overriding consideration that equitable principles govern the exercise of bankruptcy jurisdiction.” Bank of Marin v. England, 385 U.S. 99, 103, 87 S.Ct. 274, 277, 17 L.Ed.2d 197 (1966); see also Dooley v. Weil (In re Garfinkle), 672 F.2d 1340, 1346 n. 7 (11th Cir.1982). Bankruptcy courts are statutorily empowered to “issue any order, process, or judgment that is necessary or appropriate” to carry out the provisions of the Bankruptcy Code. 11 U.S.C.A. § 105(a) (West Supp.1985).
We are thus unwilling to limit as a matter of law a bankruptcy court’s power to employ equitable doctrines of estoppel and waiver in adjudicating the rights of parties to an unexpired lease. Since the bankruptcy court declined to consider these principles in the present case, we remand for further proceedings. We express no opinion on the appropriateness of estoppel or waiver in this case, but leave these issues for consideration in the first instance on remand, either on the present or an expanded record.
AFFIRMED in part and REMANDED.