**In re LAS MARGARITAS, INC., a Nevada Corporation, Debtor.**

**Bankruptcy No. 85–082.**

United States Bankruptcy Court, D. Nevada.

Oct. 21, 1985.

Alan R. Smith, Reno, Nev., for lessors.

Julien G. Sourwine, Fahrenkopf, Mortimer, Sourwine, Mousel & Sloane, Reno, Nev., for debtor.

## MEMORANDUM DECISION AND ORDER

JAMES H. THOMPSON, Bankruptcy Judge.

This matter comes before the Court upon the Nussbaums' (Lessors) Motion to Lift Stay and For Order Requiring Immediate Surrender of [Non]residential Real Property, filed September 5, 1985. Debtor subsequently filed its Opposition, as well as a Motion for Approval of Assumption of Lease, for Reinstatement of Sixty-Day Period under § 365(d)(4), and Assignment of Lease. For the reasons outlined below, Lessors' Motion is granted, and Debtor's Motion is denied.

Debtor filed its petition under Chapter 11 of the Bankruptcy Code[1] on February 5, 1985. The Nussbaums are lessors under a written lease covering the nonresidential premises in which Debtor has operated its business in the Village Shopping Center, Incline Village, Nevada. Following the initiation of the bankruptcy case, Debtor remained current on its lease payments through approximately July 1985. Lessors accepted these payments of rent without knowledge of the bankruptcy petition, as they were omitted from the original schedules filed and hence received no notice of this case until August, 1985.

Lessors argue that under Code § 365(d)(4), a debtor must obtain court approval of its assumption of a lease of non-

---

1. "Bankruptcy Code" and "Code" refer to the Bankruptcy Reform Act of 1978, 11 U.S.C. §§ 101 to 151326, as amended. "Bankruptcy Act" and "Act" refer to the former federal law, 11 U.S.C. § 1 to 1103 (repealed 1979).

residential real property within the statutory 60-day period, or the lease is deemed rejected and may not be reinstated retroactively.[2] Debtor urges that the Court follow *In re Ro-An Food Enterprises, Ltd.,* 41 B.R. 416 (E.D.N.Y.1984), which held that a trustee in a Chapter 7 case may assume an unexpired lease under Code § 365(d)(1) by action less formal than court approval within the prescribed 60-day period, although court approval must follow. Debtor contends that it assumed its lease by making rental payments, and further that the Nussbaums are estopped from claiming the lease terminated in early April, the expiration of the § 365(d)(4) 60-day period.

There was substantial disagreement under the Bankruptcy Act as to whether assumption of a lease or executory contract could take place only upon court approval, or could be accomplished by less formal means. The Eight and Third Circuits followed the latter view, and this is the authority relied on by *Ro-An, supra.* However,

> even under the Act, the majority rule and the better rule was that judicial approval was required before allowing the assumption or rejection of an unexpired lease.

*Sealy Uptown v. Kelly Lyn Franchise Co. (In re Kelly Lyn Franchise Co.),* 26 B.R. 441, 444 (Bankr.M.D.Tenn.1983) (citing cases). Not only was this the majority rule, it was the Ninth Circuit rule. *See Local Joint Executive Board, AFL-CIO v. Hotel Circle, Inc.,* 613 F.2d 210 (9th Cir. 1980) [*aff'g* 419 F.Supp. 778 (S.D.Cal. 1976)]. In *Executive Board,* the Ninth Circuit followed what it termed the "more persuasive cases" from the Fifth and Seventh Circuits. *Id.* at 215–216. The court expressly held that an executory contract is not assumed merely by the trustee's knowing conformity to its terms. *Id.* at 216.

This result is even more compelling under the Code, due to the explicit language of § 365(a). *See Kelly Lyn,* 26 B.R. at 444; *By-Rite,* 47 B.R. at 669.[3]

Debtor argues that due to "changed circumstances" the 60-day period should be reinstated. The Court is without power to do so, nor does the fact that Debtor has recently obtained a purchase offer for the business come close to the exceptional circumstances noted in the *Ro-An* decision. Chapter 11 debtors have a great deal of flexibility in deciding whether to assume or reject most executory contracts and unexpired leases. *See* Code § 365(d)(2). This flexibility is expressly denied even these debtors with respect to leases of *nonresidential real property,* pursuant to § 365(d)(4). If not assumed during the 60-day period, these leases are conclusively presumed to be rejected. *See Cheadle v. Appleatchee Riders Assoc. (In re Lovitt),* 757 F.2d 1035 (9th Cir.1985). Thereafter, the debtor has no right or power to assume, nor does the Court have the jurisdiction to reinstate the debtor's right to assume, or to approve a sale or assignment of such a lease. *Id. See also Tonry v. Hebert (In re Tonry),* 724 F.2d 467 (5th Cir.1984) (unless assumed, an executory contract is not part of the bankruptcy estate). The language of § 365(d)(4) is clear that if the Court is to grant an extension of time beyond 60 days, this must occur before the 60-day period expires. The purpose of this requirement "is to preclude this Court from retroactively extending the time for assumption upon retroactive application" by the Debtor. *By-Rite, supra,* at 670.

Debtor's estoppel argument must also fail. Lessors had no knowledge of the bankruptcy until well after the 60-day period had expired. Without such knowledge, nothing the Nussbaum's did during those

---

2. For a thorough analysis and excellent discussion of the issues addressed in this Decision, See *In re By-Rite Distributing, Inc.,* 47 B.R. 660 (Bankr.D.Utah 1985).

3. In *Lovitt, infra,* the Ninth Circuit acknowledged that the same principles and analyses

would apply to both Act cases and Code cases under § 365(d)(1). 757 F.2d at 1040 n.2. There is no possible ground to distinguish the automatic rejection provision of § 365(d)(1) from that of (d)(4).

60 days could have in any way misled the Debtor or caused the Debtor to forgo seeking formal Court approval of its assumption of the lease, so as to work an estoppel against them. Moreover, Code § 365(d)(3) requires the Debtor to perform its obligations under the lease, and expressly provides further that the lessor's acceptance of such performance does not constitute a waiver of the lessor's rights. From this express language of the Code, as well as general equitable principles of estoppel, the Court must conclude that merely accepting rental payments, with or without knowledge of the bankruptcy, cannot estop lessors from claiming the rejection and termination of the lease by operation of § 365(d)(4).

Debtor's arguments regarding "changed circumstances" and "estoppel" are slim grounds upon which to ask this Court to nullify the express provisions of Bankruptcy Code § 365. Congress clearly intended to deny the Debtor the flexibility it desires, to eliminate uncertainty regarding the status of nonresidential real property leases in bankruptcy cases, and to put the burden of affirmative action upon the Debtor to take the necessary steps within the statutory period to assume its lease. *See generally By-Rite, supra.* The Debtor having failed to do so, the estate's interest in the lease has terminated irrevocably, and the Court is without authority to authorize assumption by the Debtor or an assignment to a third party. Accordingly, it is hereby

ORDERED, that Debtor's Motion is denied in its entirety; and it is further

ORDERED, that Lessors' Motion is granted, the lease having terminated as to the Debtor, and the Debtor shall immediately surrender the premises to the lessor.