**In re T.F.P. RESOURCES, INC., Debtor.**

**Bankruptcy No. 84 B 11727.**

United States Bankruptcy Court, S.D. New York.

Dec. 20, 1985.

---

**8.** Debtors received the insurance check on February 6, 1985, and filed for Chapter 11 relief on    April 10, 1985.

Robinson, Silverman, Pearce, Aronsohn & Berman by Edward M. Flint, New York City, for 130 East 40th Associates.

Citak & Citak by Burton Citak, New York City, for debtor-in-possession.

## DECISION AND ORDER

HOWARD C. BUSCHMAN, III, Bankruptcy Judge.

130 East 40th Associates ("Lessor") seeks an order pursuant to § 365(d)(4) of the Bankruptcy Code, 11 U.S.C. § 365(d)(4) (1984) (the "Code") declaring a lease between T.F.P. Resources, Inc. (the "Debtor") and it to be rejected and directing the Debtor to deliver possession of the subject premises. Alternatively, it seeks an order pursuant to § 365(d)(3) of the Code requiring the Debtor to pay the administrative rent due and owing pursuant to the lease. The Debtor contends that Lessor waived its rights under § 365(d)(4) by acceptance of payments for rent due and owing post-petition.

## FACTS

The Debtor rents commercial office space from Lessor pursuant to a five year lease dated May 27, 1983 (the "Lease"). It filed a voluntary petition seeking relief pursuant to Chapter 11 of the Code on December 19, 1984. While remaining in possession of the premises as debtor-in-possession since the filing date, it has neither moved to assume or reject the Lease nor moved to extend its time to do so.

Subsequent to the filing date, the Debtor had tendered several rent payments to the managing agent for Lessor. Thus far, it has paid rent owing under the Lease to Lessor for the months of January, February, March and May of 1985. Also, the Debtor has tendered checks to Lessor for April and June 1985 which were not honored due to insufficient funds. The Debtor also tendered a certified check for rent due in November 1985. In returning the check, Lessor wrote to the Debtor that the sum tendered did not include late charges, that rent was in default in the sum of $61,-236.41 and demanded cure in three days while reserving its rights under § 365(d)(4) of the Code.

## DISCUSSION

■ Section 365(d), enacted as part of the 1984 amendments to the Code, P.L. 98–353 (1984), requires two things of a debtor-in-possession that is a lessee of commercial real property. Section 365(d)(4) provides that

> if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60-days after the date of the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.[1]

Section 365(d)(3) requires a debtor-in-possession timely to perform, with certain exceptions not relevant here, all the obligations arising from an unexpired lease of nonresidential real property which arise after the entry of an order for relief, "until such lease is assumed or rejected ..." To this, § 365(d)(3) specifically adds:

> Acceptance of any such performance [rent payments in the present case] does not constitute waiver or relinquishment of the lessor's rights under such lease or under this title.

The Debtor's claim that the Landlord waived § 364(d)4's requirement of assumption of the Lease within 60-days of the filing of its petition,[2] by acceptance of rental payments during the 60-day period expiring February 18, 1985, is thus unavailing. It is precluded by the express language of the statute.

■ It is that statutory language, however, that gives substance to the Debtor's claim that the antiwaiver provision of § 363(d)(3) does not bar waiver by acceptance of rental payments after the expiration of the 60-day period. In requiring that post-petition rent be paid *"until* such lease is assumed or rejected," and barring waiver through "[a]cceptance of any *such* performance", (emphasis added), § 365(d)(3) is expressly limited to payments made prior to assumption or rejection. When read together with its companion section § 365(d)(4) which provides for rejection if not assumed within 60 days, or such extended period ordered by the court, it is apparent that all the non-waiver clause expressly covers is acceptance of rental payments during that period. By its terms, therefore, the statute does not address the issue presented here, *i.e.,* whether acceptance of rent by a lessor after expiration of the period would constitute a waiver of the automatic rejection afforded by § 365(d)(4).

The words of the statute being sufficiently plain, they control and further inquiry as to their meaning is unnecessary.

---

1. T.F.P. Resources, Inc. as *debtor-in-possession* has all the powers of a trustee. 11 U.S.C. § 1107(a).

2. The filing of a voluntary Chapter 11 petition constitutes an order for relief. 11 U.S.C. § 301.

*E.g. United States v. Bass,* 404 U.S. 336, 339, 92 S.Ct. 515, 518, 30 L.Ed.2d 488 (1971); Frankfurter, *Some Reflections on the Reading of Statutes,* 47 Col.L.Rev. 527, 543 (1947). We turn, nevertheless, to the legislative history to see if a contrary interpretation forcefully appears. *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 201, 96 S.Ct. 1375, 1384, 47 L.Ed.2d 668 (1976); *In re Saypol,* 31 B.R. 796, 800, 10 B.C.D. 1057 (Bankr.S.D.N.Y.1983); *contra Schwegmann Bros. v. Calvert Distillers Corp.,* 341 U.S. 384, 397, 71 S.Ct. 745, 751, 95 L.Ed. 1035 (1951) ("[I]t is only the words of the bill that have presidential approval, where that approval is given. It is not to be supposed that, in signing a bill the President endorses the whole Congressional Record.") No such intention, however, is revealed from examination of that history. The little that there is confirms the conclusion that the waiver clause pertains only to rental payments required by § 365(d)(3) and not others accepted by lessor:

> The acceptance by the lessor of any payments made by the trustee as required by this subsection does not constitute a waiver or relinquishment of the lessor's rights under such lease or under the bankruptcy code.

130 Cong.Rec. S889 (daily ed. June 29, 1984) (remarks of Senator Hatch).

In the face of this unequivocal conclusion, we decline to follow *dicta* contained in *In re Las Margaritas, Inc.,* 54 B.R. 98, 13 B.C.D. 906 (Bankr.D.Nev.1985) upon which the Lessor relies. There, in a comparable situation, the court held that a landlord who accepted rental payments without knowledge that the tenant had filed a bankruptcy petition was not estopped from seeking enforcement of the automatic rejection provided by § 365(d)(4). In so holding and without any analysis of the exact language of the statute, that court read § 365(d)(3) to require a debtor/lessee to perform its obligations under its lease without the qualification added by the "until"

clause noted above. It therefore concluded "that merely accepting rental payments, with or without knowledge of the bankruptcy, cannot estop lessors from claiming the rejection and termination of the lease by operation of § 365(d)4." 13 B.C.D. at 907. As observed above, it is the coupling of the "until" clause with the words "such performance" that, in light of § 365(d)(4), leads to the opposite conclusion that the anti-waiver provision of § 365(d)(3) does not apply to payments after the period set forth in § 365(d)(4).

Having found that provision inapplicable, we turn to the issue of whether § 364(d)(4) can be waived by a lessor and, if so, whether acceptance of rent after a lease is deemed rejected constitutes such a waiver. The anti-waiver provision itself, in precluding "waiver or relinquishment of the lessor's rights under such lease or under this title" in the circumstances noted above, would seem to indicate that § 365(d)(4) can be waived by conduct not embraced by the terms of that provision. Section 365(d)(3) was, moreover, enacted against the backdrop of *Larkins v. Sills,* 377 F.2d 1 (5th Cir.1967), *Entin v. Stevens,* 323 F.2d 894 (8th Cir.1963) and *Ten-Six Olive v. Curby,* 208 F.2d 117, 123 (8th Cir.1953). Those cases held that a comparable 60 day period for assumption of unexpired leases contained in Section 70(b) of the former Bankruptcy Act, 11 U.S.C. § 110(b) (1961) (repealed) was for the benefit of lessors and could be waived.[3] In so ruling, the Eighth Circuit reasoned, and the Fifth Circuit agreed: "We can see no reason why the lessor may not also waive the right accorded him by the terms of this statute." *Ten-Six Olive,* 208 F.2d at 123, quoted in *Larkins,* 377 F.2d at 3 and in *Entin v. Stevens,* 323 F.2d at 899.

■ It thus appears that § 364(d)(4) can be waived by a lessor. Like former § 70(b), it was enacted for the benefit of lessors and we also see no reason why that

---

**3.** Section 70(b) required a trustee to "assume or reject an executory contract, including an unexpired lease of real property within sixty days after the adjudication .. but the court may for cause shown extend or reduce the time. Any such contract or lease not assumed or rejected within that time shall be deemed to be rejected."

benefit can not be waived, notwithstanding the conclusiveness of the self-executing mechanism of § 365(d)(4). The Lessor emphasises that conclusiveness, citing, in addition to *Las Margaritas,* discussed above, *In re Flexipak, Inc.,* 49 B.R. 641 (D.C.S.D.N.Y.1985) and *In re By-Rite Distributing, Inc.,* 47 B.R. 660, 12 B.C.D. 1082, 12 C.B.C. 2d 253 (Bankr.D.Utah 1985). *Flexipak,* however, did not concern waiver, nor did *By-Rite* except in *dicta* contained in a footnote. There it is stated, regardless of the holding that § 365(d) is conclusive, "Since the 60-day termination rule is for the benefit of lessors, they can, presumably, waive its application," citing *Larkins* and *Ten-Six Olive.* 47 B.R. at 670 n. 16. Indeed, the Eighth Circuit expressly so held with respect to former § 70(b) of the Bankruptcy Act. *Ten-Six Olive,* 208 F.2d at 123.[4]

Whether or not there was in fact a waiver should be a question of intent as manifested by the lessor's acts. Such a test applies to a lessor's alleged waiver of a forfeiture clause contained in a lease. *In re Duplan Corp.,* 473 F.Supp. 1089, 1093 (S.D.N.Y.1979); *In re Fifth Avenue Originals, Inc.,* 32 B.R. 648, 656 (Bankr.S.D.N.Y.1983). That test also applies to the twin issue of whether a lessor is estopped from asserting such a clause. *Davidson v. Shivitz,* 354 F.2d 946, 949 (2d Cir.1966). It further was employed by the *Ten-Six Olive,* and *Larkins* courts. We see no reason not to apply it here and the parties have effectively adopted it in their briefs.

In the application of that test,

[U]pon a breach courts will deem a forfeiture provision waived when by his conduct a landlord evinces an 'intent to treat the lease as continuing rather than as terminated.' *BJM Realty Corp. v. Riggieri,* 326 F.2d 281, 282 (2d Cir.1964). This intent to waive the benefits of a forfeiture clause is most often inferred from the acceptance of rent which accrues af-

ter the lessees breach. [citations omitted.]

*Duplan,* 473 F.Supp. at 1091. Similarly, a lessor's election to treat a lease as not rejected is to be inferred from accepting rental payments after it was deemed rejected pursuant to § 365(d)(4).

■ In seeking to negate such an inference, Lessor principally asserts that it lacked knowledge of the bankruptcy because the notice given by the Clerk's office of the commencement of the case was not sent to the address stated provided in the Lease. To this it adds that its attorneys sent letters to the Debtor in October and November 1985 reserving its rights under § 365(d) in October and that it similarly reserved its rights in returning the certified check in November. How these reservations after acceptance of the rent in March and May 1985 reflect its earlier intention and indicate whether a waiver then occurred is not made at all clear by Lessor. As to the lack of notice of the bankruptcy, it is undisputed that a notice was sent to the Lessor's managing agent and is stamped as having been received on April 8, 1985. The checks for post-petition rental payments were apparently sent to the same address. Thus, the Lessor, through its agent, had notice by May when it accepted a rental check. The evidence on this record is that Lessor accepted rent and thereby continued to treat the lease in effect notwithstanding the deemed rejection provided by § 365(d)(4).

■ While it is thus apparent that Lessor's motion, insofar as it seeks relief pursuant to § 365(d)(4), must be denied, that conclusion does not resolve the alternative request for payment of administrative rent. That branch of the motion is granted. To require payment of rent in this situation is not inconsistent with our analysis of the anti-waiver provision of § 365(d)(3). That

**4.** The continuing validity of these cases, under the Bankruptcy Code was reaffirmed in *Ranch House of Orange-Brevard, Inc. v. Gluckstern,* 773 F.2d 1166, 13 B.C.D. 996, 997 (11th Cir.1985). There the court held that the rejection of an unexpired lease pursuant to confirmation of a plan of reorganization under the Code could be waived, citing *Larkins* and *Entin,* reversed the bankruptcy court's holding that it could not be waived *as a matter of* law *and remanded for* consideration of the issue notwithstanding the binding nature of a confirmed plan.

analysis enables a waiver of § 365(d)(4) to be found by the Lessor's conduct after the deemed rejection provided by that section. With that section waived, the plain meaning of § 365(d)(3) requires a debtor asserting the waiver to continue to pay rent. No good cause has been advanced for it having failed to do so. Indeed, it admits to having subleased a portion of the premises without Lessor's consent and has not turned over the sums received to Lessor. It should pay rent that became due and owing after the filing of its petition within ten days of this decision and order. *In the Matter of The Barrister of Delaware Ltd.*, 49 B.R. 446, 447, 13 B.C.D. 29 (Bankr.D.Del.1985).

IT IS SO ORDERED.