In re Robert M. HAMPTON, Debtor.

**GENERAL HOSPITALS OF HUMANA, INC., d/b/a Humana Hospital-Newnan, a Utah corporation, Movant,**

v.

**Robert M. HAMPTON, Respondent.**

**Bankruptcy No. N87–30480–WHD.**

United States Bankruptcy Court, N.D. Georgia, Newnan Division.

Oct. 9, 1987.

J. William Boone, Alston & Bird, Atlanta, Ga., for movant.

Frank Bradford, Marietta, Ga., for debtor/respondent.

---

**358**

### ORDER

W.H. DRAKE, Jr., Bankruptcy Judge.

This case is before the Court on a motion for relief from the automatic stay and for other relief filed July 1, 1987. Movant-landlord, General Hospitals of Humana, Inc., d/b/a Humana Hospital–Newnan ("Humana"), seeks relief from the automatic stay and a declaration that the lease between it and debtor-tenant, Robert M. Hampton ("Hampton"), has terminated. This Court held a hearing on June 24, 1987, regarding Humana's motion and ordered the parties to submit additional briefs in support of their respective positions. The background facts are as follows:

On April 15, 1984, Humana and Hampton executed a three-year lease for certain non-residential real property. By a later amendment, the lease was to commence on July 25, 1984, and terminate on July 24, 1987. Hampton filed for Chapter 11 relief on April 23, 1987.

Humana requests this Court to declare the lease terminated on either of two grounds. First, Humana argues that the lease expired on its own terms on July 24, 1987, and ceases to be assumable. Humana's second argument is that the lease is terminated under 11 U.S.C. § 365(d)(4), which requires a trustee or debtor-in-possession to assume or reject a nonresidential real property lease within sixty days after the order for relief has been entered or else the lease is automatically deemed rejected. In this case, the sixty-day period ended on June 22, 1987. Hampton failed to file a motion to assume or reject the lease by that date.

Hampton argues that conduct on his part demonstrated his intent to assume the lease. This Court recognizes that some jurisdictions have held that conduct may result in the assumption of a lease without the formality of filing a motion. *See In re 1 Potato 2, Inc.*, 58 B.R. 752 (Bankr.D. Minn.1986); *In re TFP Resources, Inc.*, 56 B.R. 112 (Bankr.S.D.N.Y.1985). However, this Court need not reach this issue since the lease expired on its own terms on July 24, 1987, and the expiration of the lease term leaves nothing for the debtor to as-

sume or reject. *See In re P.I.N.E., Inc.*, 52 B.R. 463 (Bankr.W.D.Mich.1985).

As the lease terminated by the expiration of its stated term during the pendency of this case, 11 U.S.C. § 362(b)(10) directs this Court to lift the automatic stay as to the leased property so Humana may obtain possession of such property.

Accordingly, this Court declares the lease terminated on its own terms and ORDERS that Humana's motion for relief from the automatic stay is GRANTED.