**In re FILLARD APARTMENTS, LTD., Debtor.**

**Bankruptcy No. 88–01555–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

Feb. 6, 1989.

to be included as overhead costs within the attorney's fee charges.

Chad P. Pugatch, Ft. Lauderdale, Fla., Lewis Hall III, Miami, Fla., for creditors/lessor (NYE Group) movants.

Geoffrey Aaronson, Howard Berlin, Miami, Fla., for Mortgagees/Daniel Retter and Susan Rapaport.

Norman Malinski, Miami, Fla., for debtor/Fillard Apartments.

## MEMORANDUM ORDER CONFIRMING REJECTION OF LEASE AND DEFERRING HEARING ON MOTION TO DISMISS

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come on to be heard on December 16, 1988 for an evidentiary hearing upon the Motion of Creditors/Lessors, HARRIET KAMM NYE, RUTH GERARD, FRANK TOEPP, III, CATHERINE ANN TOEPP SMITH, WILLIAM KAMM, LOIS KAMM, NATALIE DANIELSON, JOHN B. TOEPP and VALERIE PARSHALL (hereinafter referred to collective as "THE NYE GROUP") To Confirm Rejection Of Lease And Require The Trustee And Debtor To Immediately Surrender Possession Of Non–Residential Real Property To The Lessors as well as upon the Motion To Dismiss Chapter 11 Proceedings filed by the Secured Creditors herein and the Court having heard argument of counsel, received evidence, heard testimony of witnesses and being otherwise fully advised in the premises, finds and orders as follows:

THE NYE GROUP are, collectively, owners of an undivided two thirds percent interest in the real estate described in Exhibit "A" attached to the Motion filed herein. The aforesaid real property is subject to a recorded Ninety–Nine Year Lease dating back to February 6, 1946 wherein Marie E. Kamm was the original Lessor and Jack Rosen was the original Lessee. The Movants, THE NYE GROUP, derive their interest from the original Lessor, Marie E. Kamm. The Debtor in these Chapter 11 proceedings, Fillard Apartments, Ltd., derives its interest as Lessee of the subject property by assignment.

On April 22, 1988, the Lessee, Fillard Apartments, Ltd., filed its Voluntary Petition under Chapter 11 of the United States

Bankruptcy Code. Relief was ordered on that date. At the time of the filing, the Debtor, Fillard Apartments, Ltd. was, pursuant to its leasehold interest, the operator and manager of the subject real property which was, at all times material hereto, income property leased or rented for profit. The property was never occupied or used as a residence by the Lessee, Fillard Apartments, Ltd., or its predecessors.

The Petition and Schedules filed in the Chapter 11 proceeding did not list THE NYE GROUP as creditors and, in fact, THE NYE GROUP did not receive notice of the bankruptcy proceedings. The Schedules did list Daniel Retter, Trustee, Daniel Retter, Margaret E. Retter and Susan Rapaport as mortgage holders on the leasehold and the mortgagees did have actual notice of the proceedings from their inception and were, at all material times, represented by counsel in these bankruptcy proceedings.

The Movants, THE NYE GROUP, received, subsequent to the filing of the Chapter 11 proceeding, two installments of rent under the Lease. These payments in no way designated or indicated that there was a Chapter 11 proceeding pending nor did they refer to a Debtor–In–Possession. Because the July, 1988 installment referenced that there was a receiver in control of the property the Movants made inquiry through the State Court and, by virtue of the Suggestion of Bankruptcy filed in State Court foreclosure proceedings learned in November of 1988 of the pendency of this bankruptcy proceeding. Although Movants were not listed as creditors or notified of the bankruptcy, the Plan and Disclosure Statement filed in the case reflect the Lease and the interest of Movants of which the Debtor and the Secured Creditor herein were always well aware.

■ Subsequent to the filing of the Voluntary Petition under Chapter 11 on April 22, 1988 no attempt was made by the Debtor or any other interested party herein to assume or reject the unexpired Ninety–Nine Year Lease within the time frame set forth in 11 U.S.C. § 365(d)(4). In accordance with the provisions of that statute, the Lease was therefore rejected by operation of law sixty days following the filing of the Voluntary Petition.

Notwithstanding the rejection of the Lease, the Debtor/Lessee continues in possession of the premises and has refused to return the premises to the Lessors. Promptly upon learning of the pendency of these proceedings Movants filed herein their Motion To Confirm Rejection of Lease and Require The Trustee And Debtor To Immediately Surrender Possession Of Non–Residential Real Property To The Lessors. Realizing their error and its effect, the Leasehold Mortgagees, Daniel Retter, Trustee, Daniel Retter, Margaret E. Retter and Susan Rapaport have filed a response to the aforesaid Motion raising various issues to be dealt with herein and have filed a Motion seeking dismissal of the Chapter 11 proceedings. The Debtor announced its consent to the Motion To Dismiss at the evidentiary hearing conducted by this Court on December 16, 1988, however, this consent did not take into account the interests of creditors herein including Movants.

For the reasons set forth herein, the Court first finds that the subject Lease was rejected by operation of law. The provisions of 11 U.S.C. § 365(d)(4) are clear and unambiguous. The Debtor–In–Possession had an obligation to assume the Lease within sixty (60) days after the Order For Relief or to seek an appropriate extension within that sixty (60) day time frame by filing a written motion with the Court. It is undisputed that the Debtor did not seek to assume or seek an extension and thus, by the clear terms of the Statute, the Lease was deemed rejected. *In Re Southern Motel Associates, Ltd.*, 81 B.R. 112 (B.C.M.D. Fla.1987).

■ The Court rejects the arguments propounded by the Debtor and its secured creditor all as set forth in the response filed to the instant Motion. The Court finds that the Movants/Lessors were not bound by the opportunity to cure provided in the loan documents between the Debtor and its Mortgagee. This arrangement did not preclude the Mortgagees from taking action before this Court to protect their interest by requiring the Debtor to assume

within sixty (60) days or by seeking an appropriate extension of time and appointment of a trustee to do so. The Debtor and the Mortgagees were represented by counsel from the outset of this Chapter 11 proceeding and knew or should have known of their rights and obligations under 11 U.S.C. § 365(d)(4) and the consequences of their failure to act.

The equitable argument that the effect of this statute creates a "windfall" to Movants is unfounded where the obligations and consequences of the Statute are clear on their face. Further, the lack of any apparent monetary loss to Movants is not a consideration before this Court. *In Re Southern Motel Associates, Ltd., supra* at 118.

The Court further rejects the Mortgagees contention that the acceptance of two rent payments by Movants constitutes an estoppel or waiver of their right to assert the rejection of the Lease as a matter of law. The Court finds based upon the circumstances of this case that any alleged waiver or estoppel created the acceptance of rent was not a knowing waiver or estoppel in view of Movants' lack of notice or knowledge of the pendency of this bankruptcy proceeding. Further, the mere acceptance of rent is not in and of itself to be construed as an estoppel or waiver. The test for waiver rests on a determination of the intent of the party waiving its right and the evidence in this proceeding in no way reflects such intent. *See, In Re Re–Trac Corp.,* 59 B.R. 251 (B.C.D.Minn.1986). *Matter of Longua,* 58 B.R. 503 (B.C.W.D. Wiscon.1986). *See, ex, In Re Chandel Enterprises, Inc.,* 64 B.R. 607 (B.C.C.D. CA 1986). *Matter of Lew Mark Cleaners Corp.,* 86 B.R. 331 (B.C.E.D.N.Y.1988). *In Re Southern Motel Associates, Ltd., supra.*

The Court, finally, rejects the contention that this proceeding should be dismissed in accordance with 11 U.S.C. § 1112(b), obviating the issue of rejection of the Lease. The Court questions the timing of the filing of the Motion To Dismiss, which occurred subsequent to the filing of the instant Motion To Confirm Rejection Of The Lease. This case should not be dismissed prior to the effective date of the Confirmation of the rejection of the Lease. However, the Court will defer hearing on the ultimate decision as to dismissal of this Chapter 11 proceeding at a hearing to be held on February 9, 1989 as set by separate notice.

Based upon the foregoing, it is

ORDERED, ADJUDGED AND DECREED:

1. The Motion To Confirm Rejection Of Lease And To Require The Trustee And Debtor To Immediately Surrender Possession of Non–Residential Real Property To The Lessors is hereby Granted to the extent that the subject Lease is deemed rejected by operation of law in accordance with the provisions of 11 U.S.C. § 365(d)(4). The Court will not, however, take direct action to enforce the Lessors' rights. Lessors are granted full and complete relief from the automatic stay to seek appropriate remedies in the State Court.

2. Hearing on the Motion To Dismiss Chapter 11 Proceeding is deferred to February 9, 1989 at 51 S.W. First Avenue, Room 1409, Miami, Florida at 1:30 p.m.

DONE AND ORDERED.