Durwood T. PYE, Plaintiff-Appellant,

v.

DEPARTMENT OF TRANSPORTA-
TION OF the STATE OF GEORGIA
et al., Defendants-Appellees.

No. 74–3705
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 23, 1975.
Rehearing Denied June 13, 1975.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,
5 Cir., 1970, 431 F.2d 409, Part I.

Tom Pye, Lewis M. Groover, Jr., Atlanta, Ga., for plaintiff-appellant.

Robert E. Whitley, Atlanta, Ga., for U. S. Fidelity.

E. Lewis Hansen, Atlanta, Ga., for Allgood.

Arthur K. Bolton, Atty. Gen. of Ga., William C. Joy, William B. Brown, Terry P. McKenna, Atlanta, Ga., for Dept. of Transportation, and others.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

AINSWORTH, Circuit Judge:

This is a suit for recovery of land and damages based on several federal question grounds (due process, equal protection, and the National Environmental Protection Act) by plaintiff Durwood T. Pye against the Department of Transportation of the State of Georgia. The District Court concluded that all of plaintiff's contentions were either without merit or had been fully litigated in prior Georgia state court proceedings, and therefore were barred by the doctrine of res judicata. We affirm.

On February 21, 1969, the Department of Transportation (then called the State Highway Department) of Georgia brought an in rem proceeding pursuant to Georgia law (Ga.Code Ann. § 36–1303) against 0.413 acres of land and plaintiff in a Georgia state court, in order to condemn the land for use in a planned federally funded highway project. In addition to filing an answer in this proceeding, Pye initiated an equitable action in the Georgia state court to enjoin the Department from taking his land. These actions were consolidated, and the state court eventually entered an order declaring that the taking was proper and that the only remaining question was the amount of compensation.

Pye appealed to the Supreme Court of Georgia, which affirmed the lower court in an exhaustive 38-page opinion. Pye v. State Highway Department, 226 Ga. 389, 175 S.E.2d 510 (1970). Pye then appealed to the United States Supreme Court which dismissed the appeal for lack of jurisdiction, but treated the papers as a petition for certiorari and denied the petition. 400 U.S. 913, 91 S.Ct. 173, 27 L.Ed.2d 152 (1970). The present action was filed in the District Court on September 14, 1973. Summary judgment was granted in favor of defendants on May 1, 1974, and this appeal followed.

Plaintiff recites three issues on which he contends the District Court erred in granting summary judgment: whether an amendment to the Georgia Constitution authorizing this type of condemnation proceeding was valid; whether the Department's order of condemnation was false and fictitious; and whether the Department's failure to put his land to a present public use rendered the taking violative of the Fourteenth Amendment.

Under the federal law of res judicata, which governs this federal

question case,[1] a prior action is res judicata as to all issues that were raised or reasonably could have been raised in that action. *See* Astron Industrial Assoc., Inc. v. Chrysler Motors Corp., 5 Cir., 1968, 405 F.2d 958, 961; Acree v. Air Line Pilots Association, 5 Cir., 1968, 390 F.2d 199, 201. The test set forth in *Astron* is as follows:

> Is the same right infringed by the same wrong? Would a different judgment obtained in the second action impair rights under the first judgment? Would the same evidence sustain both judgments?

405 F.2d at 961. Plaintiff contends that the present case differs from that presented in his state court action because it involves trespasses against his land alleged to have occurred after the state court proceeding. The legality of these entries onto the land, however, turns on precisely the same questions already litigated in the state court, because the entries are pursuant to the same condemnation.

> [F]ederal courts most assuredly do not provide a forum in which disgruntled parties can re-litigate federal claims which have been presented to and decided by state courts.

Deane Hill Country Club, Inc. v. City of Knoxville, 6 Cir., 1967, 379 F.2d 321, 325. In this case the District Court correctly concluded that all three issues were fully treated in both the state trial and appellate courts. Thus any consideration of those issues in the present action is barred by res judicata.

■ Plaintiff also contends, irrespective of any similarity between the issues raised in the state court and those raised in this action, that the state court judgment is not final and therefore cannot be res judicata, since the amount of compensation has not been determined. He interprets the Supreme Court's dismissal of his appeal for want of jurisdiction as evidencing that Court's belief that the state court judgment was not final.

However, "To be final a judgment does not have to dispose of all matters involved in a proceeding." 1B Moore's Federal Practice ¶ 0.409 at 1002; Kurlan v. C. I. R., 2 Cir., 1965, 343 F.2d 625, 628–629 & n. 1. The Court gave no reasons for its dismissal of Pye's appeal for want of jurisdiction, and we cannot speculate that it was based on lack of finality. Whether brought by appeal or by writ of certiorari, judgments of state courts can be reviewed by the Supreme Court only if they are final. 28 U.S.C. § 1257. The Supreme Court's denial of Pye's petition for certiorari, however, as it characterized the papers he filed, carries no implication that the state court judgment was not final.

■ The present action was brought not only against the Department of Transportation but also against two former Directors of that agency, their sureties, and a demolition contractor, named Allgood, hired by the Department to raze a dwelling on Pye's property. Pye contends that Allgood cannot plead the prior judgment as res judicata because he was not a party to that proceeding, and that as a general rule sureties cannot plead res judicata as to actions to which only their principals were parties. The record shows, however, that Allgood was a party to the state court action. The trial court retained him as a party pending appeal, and enjoined him from proceeding with the demolition until the Supreme Court of Georgia could rule on the case. That court's affirmance of the judgment left only the issue of just compensation. For that portion of the proceedings there was no need for Allgood to be a party.

■ As for the sureties of the state officials, their plea of collateral estoppel in the circumstances of this case was entirely proper and the District Court so concluded. Sureties generally may not plead judgments as res judicata to which only their principals were parties, because a surety-principal relationship does not by itself establish privity. A judg-

---

1. Heiser v. Woodruff, 327 U.S. 726, 733, 66 S.Ct. 853, 856, 90 L.Ed. 970 (1946), and cases cited therein.

ment in favor of the principal, however, extinguishes the surety's right of subrogation against him, and so it is only logical to permit the surety to invoke that judgment collaterally. *See* 1B Moore's Federal Practice ¶ 0.412[7] at 1831–1832; Kramer v. Morgan, 2 Cir., 1936, 85 F.2d 96, 97.

■ The District Court entered summary judgment on the basis of an excerpted version of the record in the state court proceeding. Pye contends, citing two Georgia cases, that it is improper to consider a plea of res judicata on anything less than a complete record. However, as we noted earlier, the question whether the state court judgment is res judicata is one of federal law, and therefore cases interpreting Georgia law are inapposite. More importantly, Pye has failed to demonstrate any prejudice from the District Court's reliance on an abbreviated state court record, which clearly set forth the issues considered. Finally, Pye made no effort to supplement that record, as he was entitled to do. *See* Fed.R.Civ.P. 56(e).

■ The only issue raised by plaintiff which was not adjudicated in the state courts was whether the action of the Department in condemning his land violated the National Environmental Policy Act (42 U.S.C. § 4321 et seq.). Pye contends he could not possibly have raised this issue in the 1969 state court proceeding because the Act was not passed until 1970. This law affords plaintiff no relief, however, because it makes no provision for awarding damages and restitution to a private party, as plaintiff seeks. Although some courts have held that NEPA calls for judicial review of substantive agency decisions to undertake projects rather than only the adequacy of reports detailing the basis for such decisions,[2] we find no decisions in which a private plaintiff has been awarded damages or restitution on the basis of the Act. In the only cases where such relief has been requested, it has been denied. Morris v. Tennessee Valley Authority, N.D.Ala., 1972, 345 F.Supp. 321, 324; Virginians for Dulles v. Volpe, E.D.Va., 1972, 344 F.Supp. 573, 578. *See generally* Environmental Defense Fund v. Corps of Eng. of U. S. Army, E.D.Ark., 1971, 325 F.Supp. 749, 755.[3]

Affirmed.

---

**2.** Sierra Club v. Froehlke, 7 Cir., 1973, 486 F.2d 946, 951–953; Conservation Council of North Carolina v. Froehlke, 4 Cir., 1973, 473 F.2d 664, 665; Environmental Defense Fund v. Froehlke, 8 Cir., 1972, 473 F.2d 346, 352–353; Environmental Defense Fund v. Corps of Eng., U. S. Army, 8 Cir., 1972, 470 F.2d 289, 297–300; Calvert Cliffs' Coord. Comm. v. United States A. E. Com'n, 1971, 146 U.S.App.D.C. 33, 449 F.2d 1109, 1115. *See contra* Environmental Defense Fund, Inc. v. Armstrong, 9 Cir., 1973, 487 F.2d 814, 822 n. 13; Jicarilla Apache Tribe of Indians v. Morton, 9 Cir., 1973, 471 F.2d 1275, 1279–1280; National Helium Corporation v. Morton, 10 Cir., 1971, 455 F.2d 650, 656; Upper Pecos Association v. Stans, 10 Cir., 1971, 452 F.2d 1233, 1236. This court has suggested that the "better reasoned rule favors such review." Environmental Def. F., Inc. v. Corps of Eng. of U. S. Army, 5 Cir., 1974, 492 F.2d 1123, 1138–1140. That case, however, was decided on other grounds.

**3.** The record does not show the stage of completion of the highway project at the time plaintiff brought this action, but it appears that substantial construction had been completed. *See* Morningside-Lenox Park Association v. Volpe, N.D.Ga., 1971, 334 F.Supp. 132, 134–137. Although projects undertaken prior to the 1970 effective date of NEPA are not immune from its requirements, *see* Environmental Def. F., Inc. v. Corps of Eng. of U. S. Army, *supra*, 492 F.2d at 1128 n. 7; Zabel v. Tabb, 5 Cir., 1970, 430 F.2d 199, 213, there clearly are limits to the retrospective force of the Act. *See* Jones v. Lynn, 1 Cir., 1973, 477 F.2d 885, 889–890; San Francisco Tomorrow v. Romney, 9 Cir., 1973, 472 F.2d 1021, 1025; Pennsylvania Environmental Council, Inc. v. Bartlett, 3 Cir., 1971, 454 F.2d 613, 624. We doubt that the Act applies to the construction work and condemnation of which plaintiff complains.