**In re ATTORNEYS OFFICE MANAGE-
MENT, INC., Debtor.**

**Bankruptcy No. LA–82–20633(CA).**
Adv. Nos. 82–43229, 82–43264, 82–43273,
82–43293, 82–43301, 82–43328, 82–43331,
82–43919, 82–43923, 82–44025, 82–44408,
82–44575, 83–0136 and 83–0137.

United States Bankruptcy Court,
C.D. California.

Feb. 25, 1983.

David A. Gill, John J. Bingham, Jr., Danning, Gill, Gould, Joseph & Diamond, Los Angeles, Cal., for debtor/defendant.

Victor A. Sahn, Don Rothman, Sulmeyer, Kupetz, Baumann & Rothman, Jerry Hill, Brian J. Bird, Barash & Hill, Morton M. Gearson, Edward L. Felman, Dicker & Dicker, Los Angeles, Cal., W. Mac Lines, Stern & Kim, Torrance, Cal., Robert W. Barnes, Dennis, Juarez, Reeser, Shafer & Young, Jay W. Hurst, Jeffrey W. Broker, Buchalter, Nemer, Fields, Chrystie & Younger, Joseph Bernfeld, Pacht, Ross, Warne, Bernhard & Sears, Thomas D. Richardson, Sheppard, Mullin, Richter & Hampton, Los Angeles, Cal., John F. Knudson, Dichter & Spector, Beverly Hills, Cal., Richard M. Pachulski, Sidley & Austin, Los Angeles, Cal., for plaintiffs.

## MEMORANDUM OF DECISION

CALVIN K. ASHLAND, Bankruptcy Judge.

The issues presented in these adversary proceedings are:

Whether the provisions of Bankruptcy Code § 365(a) giving the trustee the power to assume or reject any executory contract or unexpired lease of the debtor are affected by the provisions of § 362(d)?

What actions by the trustee will satisfy the requirements of § 363(e) to provide adequate protection to an entity whose interest in property is being used while the trustee decides to assume or reject an executory contract or unexpired lease?

## BACKGROUND

On November 26, 1982 Attorney's Office Management, Inc. (AOMI) filed a voluntary Chapter 11 petition. Immediately thereafter, various lessors filed complaints seeking relief from the automatic stay alleging, among other things, that the debtor had no equity in the property subject to their leases and that the property was not necessary for an effective reorganization of the debtor. The debtor's business is the leasing of office space and subleasing the space as office suites to attorneys. The suites are known as Fegen suites, so named after the debtor's founder, attorney Paul Fegen. The debtor's assets are the leases on this space. At the time these actions were filed, the debtor faced numerous similar actions concerning similar issues by the remaining lessors.

A preliminary hearing was commenced in accordance with the time constraints of § 362(e). Based upon the evidence and testimony, I concluded that there was a reasonable likelihood that the debtor would prevail at a final hearing. It was ordered that all rentals received by the debtor from its subtenants less general operating expenses and an allowance for administration, be paid to the plaintiffs on account of any claims by the plaintiffs for administrative rent. This amount was denominated "net rent" and was limited to the amount reserved under the lease. The plaintiffs were also given a super priority lien upon all leases owned by the debtor in possession until some other collateral could be substituted.

At the final hearing the only issue to be tried was what constituted adequate protection of the interests of 14 plaintiff-lessors who were not receiving "net rents" from the debtor in amounts equal to rent reserved in their respective leases. The debtor proposed a collateral package composed of nine prime leases, on which debtor has been paying contract rent on a current basis. From the testimony of expert appraisers and evaluators, and the current chief executive officer of the debtor, I conclude that the collateral package satisfies the debtor's obligation to provide adequate protection while the debtor decides whether to assume or reject the unexpired leases of the plaintiffs. The value of the nine leases exceeds the amount of rental which will accrue to the 14 plaintiffs.

## ANALYSIS

*Executory Contracts and Unexpired Leases.*

Section 365(a) provides that the trustee, subject to court approval, may assume or

reject any executory contract or unexpired lease of the debtor. Under § 1107 the debtor in possession has the rights and powers of a trustee. Section 365(d)(2) provides that the trustee in a Chapter 11 case may assume or reject at any time before the confirmation of the plan. Before assumption or rejection, the only limitation on the trustee's power is found in § 365(d)(2), where the court, on request of any party to the contract or lease, may order the trustee to assume or reject within a specified period of time. Until assumption or rejection, the lessors can take no action to impair the trustee's right.

■ As a matter of equity receivership practice, the trustee or debtor in possession had a "reasonable time" within which to decide whether to adopt or reject the executory contract or unexpired lease. *See, 2 Collier on Bankruptcy,* ¶ 365.03(1) at p. 365–20 (15th Ed.). There is, however, no test to determine a reasonable time. Instead, it depends upon the facts and circumstances of the particular case. *See, In re Theatre Holding Corp. v. Mauro,* 681 F.2d 102, 105 (2d Cir.1982).

*Relief From Stay Provisions Inapplicable While Trustee Has Power to Assume or Reject Executory Contracts and Unexpired Leases.*

■ The plaintiffs argue that the relief from stay provisions of § 362(d) are applicable during the period where the trustee is making its decision to assume or reject. Such relief, however, would frustrate the purpose of § 365 which assures the trustee a sufficient amount of time to assume or reject these obligations. Therefore, the lessors must look only to the provision of § 365 for protection of their interests. The lessors' remedy is to apply to the court under § 365(d)(2) for an order fixing a time within which the trustee must determine whether to assume or reject. If the rent reserved in the lease is current, it is reasonable that the debtor in possession should have at least through the period during which it may exclusively propose a plan in which to determine whether it wishes to assume or reject, and no date for doing so should be set by the court. However, where the rent reserved in the lease is not being paid, then the lessor's interest in receiving such rentals must be given some form of protection.

*Liability For Use and Occupancy Under the Unexpired Lease.*

■ The lessor is entitled to a reasonable value for the use and occupancy of its premises. The debtor must provide protection to the lessor in the form of reasonable rent. Such rental begins to accrue on the date of the filing of the bankruptcy and continues until assumption or rejection. *See, In re Rhymes, Inc.,* 14 B.R. 807, 808 (Bkrtcy.D.Conn.1981); *2 Collier on Bankruptcy,* ¶ 365.03[2] at p. 365–24 (15th Ed.)).

The court must determine what a reasonable rent will be. The rate of rental reserved in the lease is merely evidence of what is reasonable.

*The Lessor's Interest Requires Adequate Protection.*

■ The estate does not take title to an executory contract or unexpired lease until the contract or lease is assumed. Until that time, the estate is only liable for the value of the use of the premises. Section 363(e) provides, however, that any time an interest in property is used by the trustee, the court shall condition such use as necessary to provide "adequate protection" of such interest.

■ While the trustee is deciding whether to reject or assume the lease it is using an interest in property. The definition of that interest is broad enough to encompass the protections provided the lessor under § 363(e). The lessor has an interest in the leased property itself in the form of reserved title. For the use and occupation of the premises prior to assumption or rejection, the debtor must pay a reasonable amount of rental. To the extent that the rental is not paid, § 363(e) requires that the debtor provide the lessor with some form of adequate protection. This rental may be as much as the rent reserved in the lease, but

no more, and possibly less. *See, In re Auto-Train Corp.,* 3 C.B.C.2d 239, 243–244 (B.Ct., D.D.C.1980).

*Periodic Cash Payments.*

■ Section 361 provides an illustration of the means by which adequate protection may be provided. The section merely provides a number of possible alternatives which the court may choose to use or combine with other possible protections in fashioning the necessary relief. In § 361(3) it is made clear that an administrative claim under § 503(b)(1) in itself will not constitute adequate protection.

Section 361(1) provides that adequate protection may be provided by the trustee making period cash payments to the extent of the use of the premises. Payment of net rentals by AOMI may be one means of providing these lessors with adequate protection. However, where the debtor has an inadequate cash flow to make sufficient periodic payments, other means of protection must be utilized. (*See, 2 Collier in Bankruptcy,* ¶ 361.01(1) at p. 316–2).

*Additional or Replacement Liens.*

Section 361(2) provides that an additional or replacement lien will suffice as a means of adequate protection where the use of the property by the lessee results in a decrease in the value of the lessor's interests. If the net rentals are insufficient to cover the reasonable value of the use and occupancy of the leased premises, then AOMI's grant of a lien on the package of prime leases assures adequate protection.

*Enforcement of Plaintiffs' Security Interest and Subsequent Evaluation of Plaintiffs' Position.*

Any problems which may occur as a result of attempts by these plaintiffs to enforce their security interest through process of foreclosure can be avoided. Upon failure of performance by the debtor with regard to these leases, the debtor can be directed to dispose of these leases in an orderly fashion. Subsequent hearings should be required approximately every 60 days. The purpose of the hearing will be to reexamine the position of the 14 plaintiffs as against the value of the collateral. If the debtor disposes of any lease in the collateral package, the lien of the 14 plaintiffs will attach to the proceeds.

*Determination of Reasonable Value of Use and Occupation of Premises; Release of Lien by Some Plaintiffs and Additional Liens by Yet Unknown Plaintiffs.*

Determination of the amount of the claim for the reasonable value of the use and occupation of the premises as to each lessor-plaintiff will be reserved until after the date the debtor decides to assume or reject the respective lease. Although this is a delay as to the lessor, it is a necessary delay in order to give the debtor the time necessary to exercise intelligently its right under § 365.

There may be additional plaintiffs seeking to attach a lien to this collateral package. Although these participants are unknown at this time, it is conceivable that given the number of similar actions pending against the debtor that other lessors may likewise seek adequate protection. In the event this occurs, the existing fourteen plaintiffs should be given notice.

CONCLUSION

Section 365 guarantees AOMI a reasonable amount of time to assume or reject these unexpired leases. The relief from stay provisions of § 362(d)(2) are not applicable because of rights given to the trustee or debtor in possession under § 365.

■ These lessors are entitled to the reasonable value of the use and occupancy of the leased premises. By the additional lien on a package of leases, AOMI has satisfied its burden as required by §§ 363(e) and 361. The lessors' interests are adequately protected.

This memorandum of decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 752. A separate judgment will be entered in each adversary proceeding.