**In re FLEXIPAK, INC., Debtor.**

**No. 85 B 20121.**

United States District Court,
S.D. New York.

June 7, 1985.

McCarthy, Fingar, Donovan, Drazen & Smith, White Plains, N.Y., for Philip Alper; William F. Macreery, White Plains, N.Y., of counsel.

Rood, Schwartz, Cohen & Ruderman, White Plains, N.Y., for Flexipak, Inc.; Jerold Ruderman, White Plains, N.Y., of counsel.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The landlord of an industrial building on real property in Briarcliff Manor, New York has applied for an order directing the debtor, Flexipak, Inc., to deliver immediate possession of the leased premises, or directing an abandonment of the leased premises. Alternatively, the landlord seeks relief from the automatic stay imposed under 11 U.S.C. § 362(a)(3) of the Bankruptcy Code in order to allow the landlord to commence a state court eviction action. The debtor asserts that post-petition rent payments were current as of April 30, 1985 and that it will be in a position within one to two weeks to commence making regular post-petition rent payments. The debtor also states that it has a purchase option for the premises and that if the purchase option were exercised and the premises were subsequently sold on the open market, a substantial profit could be realized by the debtor. Thus, the debtor seeks more time in which to reorganize its affairs.

FINDINGS OF FACT

1. On March 14, 1985, an involuntary petition under Chapter 7 of the Bankruptcy Code was filed against the debtor in this court. On April 12, 1985, the debtor filed its voluntary petition for reorganizational relief under Chapter 11 of the Bankruptcy Code.

2. The debtor is a corporation engaged in the business of packaging sugar. It

maintains an industrial plant located on leased premises of approximately three acres in Briarcliff Manor, New York, which are owned by the plaintiff, Philip Alper.

3. The debtor took possession of the leased premises under the terms and conditions of a written lease which provides for a term of five years commencing on July 15, 1981 and expiring on July 14, 1986, with an option to renew for an additional five year period. The basic rent reserved under the lease for the initial five year term is $54,000 per year, payable in advance in equal monthly payments of $4,500 each on the first day of each month of the year.

4. During the first few years, the debtor regularly made timely payments of rent under the lease. However, during 1984 the debtor fell into arrears in the payment of rent. In order to assist the debtor, Mr. Alper advised the debtor that he would extend a temporary reduction in rent for the leased premises for the six month period from November of 1984 to April of 1985. During those six months the rental was reduced to $4,000 per month. The May, 1985 rent reverted to $4,500. When the Chapter 11 petition was filed the rent arrears amounted to $17,500.

5. On May 11, 1985, following the filing of the debtor's Chapter 11 petition, the debtor gave a check to Mr. Alper to cover the rent due during the first post-Chapter 11 month. This check was returned for insufficient funds.

6. The debtor has failed to pay its landlord any amount for continued use and occupancy of the leased premises following the commencement of this Chapter 11 case on April 12, 1985.

7. The evidence at the hearing revealed that the debtor has not conducted any business at the leased premises since prior to the commencement of this Chapter 11 case and has allowed the leased premises to fall into disrepair. Photographs submitted in evidence reveal broken glass in the front door and debris piled in the building and in the area around the packaging machines.

8. The debtor rested without offering any proof in opposition to the motion other than counsel's argument that the debtor is attempting to generate new business and that the debtor has a substantial equity in the leased premises in light of the purchase option which would adequately protect the landlord.

## DISCUSSION

A landlord seeking to enforce its rights under a lease in default is generally not concerned with relief from the automatic stay imposed under 11 U.S.C. § 362(a) because a tenant is usually not regarded as having any equity in the lease premises. *See In re Sweetwater*, 40 B.R. 733, 745, 11 B.C.D. 1220, 1228 (Bkrtcy.D.Utah 1984); *In re Merchants Plaza, Inc.*, 35 B.R. 888, 891 (Bkrtcy.E.D.Tenn.1983); *In re Attorneys Office Management, Inc.*, 29 B.R. 96, 98, 10 B.C.D. 1427, 1428 (Bkrtcy.C.D.Cal.1983); *In re Easthampton Sand & Gravel Co., Inc.*, 25 B.R. 193, 197–98 (Bkrtcy.E.D.N.Y. 1982). *But see In re Inn at Longshore, Inc.*, 32 B.R. 942 (Bkrtcy.D.Conn.1983). However, the debtor in this case claims to have an equity in the leased premises as a result of the purchase option in the lease. Nevertheless, the debtor is the lessee of an unexpired lease of nonresidential real property. Pursuant to 11 U.S.C. § 301, the commencement of a voluntary Chapter 11 case constitutes an order for relief. In accordance with 11 U.S.C. § 365(d)(4), if the debtor does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, then such lease is deemed rejected and the debtor must immediately surrender such nonresidential real property to the lessor. Accordingly, the debtor in this case must assume or reject the lease in question within 60 days after April 12, 1985, or June 11, 1985.

In view of the fact that the debtor is in default under the unexpired lease in question, it may not assume such lease unless it satisfies the cure and adequate assurance of future performance conditions

delineated under 11 U.S.C. § 365(b)(1), which provide:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease.

If the debtor does not satisfy the cure and adequate assurance requirements under 11 U.S.C. § 365(b)(1) by the end of the day on June 11, 1985, which is a matter of a few days from now, the lease will be deemed rejected pursuant to 11 U.S.C. § 365(d)(4) and the landlord shall be entitled to an immediate surrender of the premises by the debtor.

## CONCLUSIONS OF LAW

1. The debtor shall assume or reject the lease in question not later than June 11, 1985, as required by 11 U.S.C. § 365(d)(4).

2. The debtor may not assume the unexpired lease in question, under which it is in default, unless it satisfies the conditions of cure and adequate assurance of future performance delineated under 11 U.S.C. § 365(b)(1) not later than June 11, 1985.

3. In the event that the debtor does not assume the unexpired lease in question not later than June 11, 1985, such lease shall be deemed rejected and the debtor shall immediately surrender the premises in question to the lessor. In the event that the debtor fails to surrender the premises as required, the lessor may recover possession unimpaired by the automatic stay under 11 U.S.C. § 362(a).

IT IS SO ORDERED.