In re **TULANE HOTEL INVESTORS LIMITED PARTNERSHIP.**

**Nos. 86–2457, 86–3428 and 86–3607.**

United States District Court, E.D. Louisiana.

Nov. 13, 1986.

Lee C. Grevenberg, Mandeville, La., for Tulane Hotel Investors.

James F. Quaid, Metairie, La.

Jean Hebert Turner, New Orleans, La., Trustee.

Betty F. Mullin, Shushan, Meyer, Jackson, McPherson & Herzog, New Orleans, La., for First National Bank, F.S.B., appellee.

Emile L. Turner, Jr., Turner, Young & Hebbler, New Orleans, La., for Jean H. Turner, Trustee.

## ORDER & REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter came before the Court for oral argument on appeals pending from the bankruptcy court's orders of March 6 and 20, 1986, June 17, 1986, and August 4, 1986, assigned Civil Actions No. 86–2457, 86–3428 and 86–3607 respectively. Although the parties filed voluminous briefs in respect of these appeals, the briefs are largely repetitive of prior submissions to this Court and raise issues previously addressed by this Court in its Order and Reasons of August 7, 1986 in Civil Action No. 86–3428, a copy of which is attached hereto as Appendix "A".[1] All three appeals contain overlapping issues and thus are addressed together in this Order and Reasons.

Specifically, Civil Action No. 86–2457 concerns the bankruptcy court's March 6 and 20, 1986 orders staying federal and state court proceedings against the debtor partnership. To the extent this appeal seeks reconsideration of matters previously ruled upon by this Court, see Appellant's Brief pp. 2–3, this Court declines to do so. The Court finds distinguishable from this case the questions before the Fifth Circuit in *Pye v. Dept. of Transp.*, 513 F.2d 290 (5th Cir.1975), cited by Appellant. In *Pye*, plaintiff challenged the propriety of state land condemnation proceedings against certain of his property, which questions the Fifth Circuit found identical to issues plaintiff himself initially litigated in state court. *Pye* did not address the powers of the bankruptcy court, but rather addressed what the Fifth Circuit discerned as an improper attempt to relitigate matters barred by res judicata.[2]

■ Moreover, F.R.C.P. Rule 65 on Injunctions does not apply to the imposition of a stay established by 11 U.S.C. § 362, and Appellant's contentions regarding noncompliance with Rule 65 are therefore without merit.

Civil Action No. 86–3428 challenges the bankruptcy court's order of June 17, 1986 modifying its stay to permit the sale of certain property of the debtor. Appellant filed no brief in respect of this appeal, no doubt because of the overlapping issues contained in the three appeals. The propriety of the June 17 order was squarely addressed in this Court's August 7, 1986 Order and Reasons.

■ The Court further observes that the bankruptcy court modified its stay to permit sale of the debtor's property by the trustee. The state court issued its preliminary injunction against First Financial Bank. First Financial is not selling the property. Thus, assuming arguendo the state court preliminary injunction were still viable, this Court would find no actual conflict between the actions of the state and federal court in this regard.

The remaining appeal, Civil Action No. 86–3607, challenges the bankruptcy court's order of August 4, 1986, pursuant to which the bankruptcy court granted the trustee's motion to ratify the lease. This Court previously discussed the Appellant's lack of standing to challenge the ratification.[3]

For the foregoing reasons, the orders of the bankruptcy court are hereby AFFIRMED.

---

**1.** The August 7, 1986 Order and Reasons was signed by Judge Arceneaux for Judge Schwartz, but the Order and Reasons was prepared by Judge Schwartz and he is responsible for its content.

**2.** See also page 148 of this Court's August 7 Order and Reasons, addressing other aspects of the per-

missibility of the bankruptcy court's actions in light of the state court proceedings.

**3.** See pages 148–49 of the August 7 Order and Reasons, citing cases. The remaining appeal concerns the bankruptcy court's order.

APPENDIX A

ORDER & REASONS

This matter is before the Court pursuant to Bankruptcy Rule 8005 on motion of debtor, Tulane Hotel Investors Limited Partnership, for a stay of the order of the United States Bankruptcy Court for the Eastern District of Louisiana ("bankruptcy court") dated June 17, 1986 approving the application of the trustee of the estate of the partnership ("trustee") for sale of certain of debtor's property pending appeal of said order. Debtor's request for stay was denied in the United States Bankruptcy Court. For the reasons which follow, this Court finding that the relevant factors indicate that a stay should not be imposed, the motion is DENIED.

In determining whether a motion for a stay of judgment or order of the Bankruptcy Court will be granted, the relevant factors are: likelihood that the parties seeking the stay will be successful on the merits; whether the moving party will be subject to irreparable injury if the stay is not granted; whether the granting of the stay will cause irreparable harm to other interested parties; and whether the granting of the stay will have a detrimental effect on the public interest. *In Re Intermet Realty Partnership*, 27 B.R. 938 (Bkrtcy.E.D.Pa.1983); *In Re Dobslaw*, 20 B.R. 922 (Bkrtcy.E.D.Pa.1982); *In Re Richardson*, 15 B.R. 930 (Bkrtcy.E.D.Pa.1981); *In Re Tolco Properties, Inc.*, 6 B.R. 490 (Bkrtcy.E.D.Va.1980). Additionally, the granting of a stay in bankruptcy proceedings is discretionary. *In Re Smith*, 34 B.R. 144 (Bkrtcy.D.Vt.1983); *In Re Neisner Brothers, Inc.*, 10 B.R. 299 (Bkrtcy.S. D.N.Y.1981). In this case, we find that none of the relevant factors weigh in favor of the imposition of a stay. We address each of the criteria separately.

Turning first to the relative likelihood that the parties seeking a stay will be successful on the merits, we note that the movants herein are attacking a sale ordered by the bankruptcy court based on allegations that the bankruptcy court lacked jurisdiction to order a sale of all or part of the property included in the sale order and that some or all of the property ordered sold was disclaimed from the bankrupt estate.[1]

The factual basis of this allegation is the fact that the bankruptcy court in its Findings of Fact and Conclusions of Law of March 21, 1985, and the Judgment of March 27, 1985 issued pursuant thereto, modified the automatic stay imposed by 11 U.S.C. § 362(a). That court stated: "The automatic stay will be modified to permit commencement and prosecution of foreclosure against the property known as the Bayou Plaza Hotel, subject to claims for administrative expenses herein, and exercise of the rights of First Financial under the pledge of the Certificates of Deposit as reflected in Paragraph 7 of the Findings of Fact." Bankruptcy Record, Findings of Fact and Conclusions of Law at p. 8; Judgment of March 21, 1985 at p. 2. A review of the record in the bankruptcy court reveals that as a matter of fact the bankruptcy court did not disclaim the property in question, but rather merely modified the automatic stay to allow the foreclosure. Accordingly, the only question as to the bankruptcy court's jurisdiction relates to whether or not the bankruptcy court had jurisdiction to reinstate the automatic stay after having lifted it. Therefore, the question presented is whether a bankruptcy court, having entered an order which lifted the automatic stay, has the authority to modify such an order. In *In Re Prime, Inc.*, 26 B.R. 556, 558 (Bkrtcy.W.D.Mo. 1983), the court held that a bankruptcy court had such authority. *Cf., also, U.S. v. Swift and Company*, 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999 (1932) (discussing bankruptcy courts as courts of equity). Additionally, we note that bankruptcy courts

---

1. The claims asserted herein and the arguments in support thereof are virtually identical in every respect to those asserted in the motion for a temporary restraining order previously rejected on procedural grounds by this Court in its order of July 23, 1986. Accordingly, we have had an opportunity to study these assertions previously.

regularly reinstitute automatic stays where conditions are appropriate. *In Re Prime, Inc., supra; In Re Walker,* 3 B.R. 213 (Bkrtcy.W.D.Va.1980); *Memphis Bank and Trust Company v. Brooks,* 10 B.R. 306 (Bkrtcy.W.D.Tenn.1981); *In Re Kleinsasser,* 12 B.R. 452 (Bkrtcy.D.S.D.1981); *cf. In Re Durkalec,* 21 B.R. 618 (Bkrtcy.E.D. Pa.1982). Finally, we note that a bankruptcy court retains jurisdiction over the property even where the automatic stay has been lifted. *In Re Kash and Karry Wholesale, Inc.,* 28 B.R. 66 (Bkrtcy.D.S.C. 1982). Therefore, we find that the bankruptcy court had jurisdiction to reimpose the stay.

However, the movants herein also urge cases which make reference to the doctrine of abstention.[2] However, the doctrine of abstention requires a balancing of such questions as whether or not the particular controversy involves unsettled questions of state law, comity and judicial economy. *Cf. 951 Plymouth Restaurants, Inc. v. Pemberton Pub, Inc.,* 16 B.R. 275 (Bkrtcy.D. Mass.1981). In this case, after proceedings on the foreclosure were begun in state court, certain of the limited partners sought and obtained a preliminary injunction from another state court. Faced with the delay and uncertainty entailed thereby and the fact that only certain of the parties were before the state courts, the bankruptcy court decided to reinstate the stay which it had previously lifted. Given that the bankruptcy court was faced with an evaluation of the effect of these factors on the orderly administration of the estate, this Court does not feel that an effort to overrule this determination has a substantial likelihood of success.[3]

We also note that it appears from the record that the proceedings in the state court which resulted in a preliminary injunction were abandoned. First, there appears to be nothing in the record to indicate that, having obtained a preliminary injunction, the movants proceeded with the action in the state court or made an effort to obtain therein any type of permanent injunctive relief. Second, the fact that the sheriff, having seized the property for the purpose of a sheriff's sale, did not attempt to collect any rents or revenues from the property, as mandated by Article 326 of the Louisiana Civil Code, C.C. Art. 326, is also indicative of an abandonment of the state proceedings. Indeed, the sheriff's failure to exercise these rights is highlighted by its contrast to the active operation of the hotel, payment of its debts and collection of its revenues performed by the trustee. *See, infra,* Discussion of Acts of Trustee. We find this abandonment to be particularly important with regard to the issue of abstention since a failure of anyone to pursue the action in which the preliminary injunction was obtained amounts to an abandonment of the suit, a situation which would frustrate an orderly administration of the estate. Indeed, taken to its furthest extreme, the movants' abstention argument would require the bankruptcy court to keep this matter open and unresolved forever.

Turning to the movant's allegations that the property in question was disclaimed, the only even arguably colorable allegation made by the movants with regard to a possible disclaimer or rejection of property by the bankruptcy court is their allegation that the ground lease was automatically rejected because it was not expressly assumed by the trustee within the sixty day period fixed by 11 U.S.C. § 365. However, the movants lack standing to assert that the lease has been breached by a rejection since the automatic rejection is the lessor's remedy and not available to the debtor. *See In Re Flexipak, Inc.,* 49 B.R. 641 (Bkrtcy.S.D.N.Y.1985); *cf. Larkins v. Sills,*

---

2. Of course, in order to "abstain," a bankruptcy court must have jurisdiction in the first instance. Therefore, one reaches the question of abstention only where there is jurisdiction.

3. We also note that, contrary to movant's assertions, the reimposition of the stay and the bank-

ruptcy court's order allowing the trustee to sell the property in question are not inconsistent with the state court injunction since that injunction was against First Financial Bank and not against the trustee.

377 F.2d 1 (5th Cir.1967) (discussing the predecessor statute). Additionally, even if the movants had standing to assert a rejection of the lease, "[s]ince the sixty day termination rule is for the benefit of lessors, they can, presumably, waive its application...." *Flexipak, supra; In Re T.F.P. Resources,* 56 B.R. 112, 13 B.C.D. 1104, 1105 (Bkrtcy.S.D.N.Y.1985). Here, a review of the record and the evidence adduced at the hearing before Judge Kingsmill on August 1, 1986 indicate that the trustee has continued to operate the hotel, has paid monthly lease obligations, paid taxes and insurance for the benefit of the ground lessor, negotiated for the private sale of the leasehold and advertised the public auction sale of the leasehold all with the knowledge and acquiescence of the lessor. *See, e.g.,* Bankruptcy Record, Findings of Fact 4, Order of August 4, 1986. Additionally, although not in itself dispositive, the lessor testified at the August 2, 1986 hearing that at no time has he regarded the lease as other than in full force and effect. Thus, the record and the evidence indicate that, even if rejected, such a waiver has in fact occurred.

Therefore, the bankruptcy court having had jurisdiction to reimpose the stay, albeit, perhaps, not exclusive jurisdiction, *see In Re Calabria,* 5 B.R. 73 (Bkrtcy.D.Conn. 1980) (discussing bankruptcy courts jurisdiction); *cf. In Re Desmarais,* 33 B.R. 27 (Bkrtcy.D.Me.1983) (stating that a bankruptcy court in similar circumstances loses exclusive, but retains concurrent, jurisdiction) and there being specific articulable reasons for the bankruptcy court to have declined to abstain from an exercise of jurisdiction, as well as the fact that the movants' allegations that the property in question was disclaimed by the estate is without any substantiation whatsoever in the record, we find that there is not sufficient likelihood of success to warrant a stay of the sale.

Turning to the second prong of the test for determining whether or not to stay a judgment order, we note that there is no irreparable harm to the movant. First, the bankruptcy court has ruled, in an order that was not timely appealed and, therefore, final, Bankruptcy Record, Conclusions of Law at p. 8, "[t]he Debtors have no equity in the Property known as the Bayou Plaza Hotel, or the Certificates of Deposit as reflected in Exhibit C-18(a), which property is not necessary to effective reorganization." Consequently, it is difficult to see how they can be harmed by the sale of the property. However, assuming *arguendo* that the movants have some interest in the granting of this stay, they will suffer no irreparable harm. Not only will the stay result in a certain amount of money being applied to the partnership's secured creditors, but pursuant to the settlement entered into between the trustee and First Financial Bank, providing for a guaranteed minimum bid, the estate will receive a minimum benefit of $150,000.00.

Conversely, granting the stay could cause a certain degree of harm to other creditors. In this case, notices have been published and the estate has incurred a certain amount of expense in connection with the sale. In the event such a stay were later vacated, the estate would have to make such payments a second time. Additionally, pursuant to a settlement agreement entered into by the trustee and First Financial Bank, the estate will be benefited by an amount of at least $150,000 by this sale. A stay of the sale order could result in the collapse of such an agreement to the detriment of the estate and, accordingly, the estate's creditors. Additionally, the record indicates that the hotel is currently being operated at a loss. Its continued operation is not in the best interest of the creditors of the estate. Accordingly, the granting of a stay would cause severe, if not irreparable, harm to other interested parties.[4]

Finally, turning to the question of whether the granting of a stay will have a detrimental effect on the public interest, it is

**4.** The harm is particularly severe in this case because of the limited assets of the estate and the small likelihood that any funds lost at the present time can be recouped in the future.

clear that a sale of the property in question will facilitate the liquidation of the limited partnership. It is also clear that the sale will make additional funds available to the estate's creditors. Therefore, the sale will contribute to the quick and orderly termination of this litigation. It will also help speed the resolution of related state court proceedings. Therefore, rather than having a detrimental effect on the public interest, the completion of the sale ordered by the bankruptcy court will have an ameliorative effect on the federal and state court actions involving the parties in this case. Consequently, it appears that denial of the stay, rather than its granting, will serve the public interest.

In light of the foregoing, the movants having a small likelihood of success on the merits, the moving parties not being subject to irreparable injury if the stay is not granted, the granting of the stay having no detrimental effect on the public interest and the granting of the stay having a severe, if not irreparable, detrimental effect on other interested parties, the motion for stay of the order of sale entered by the bankruptcy court on June 17, 1986 is DENIED.

New Orleans, Louisiana, this 7th day of August, 1986.

George Arceneaux, Jr.
United States District Judge