NEWMAN, Circuit Judge,
with whom O’MALLEY and WALLACH, Circuit Judges, join,
dissenting from denial of the petition for rehearing en banc.
I respectfully dissent .from the court’s refusal to rehear this case en banc. Several issues warrant the court’s attention, for they raise fundamental concerns of the finality of judgments, of the relation between branches of government, of judicial responsibility, and of consistency with the regional circuits in procedural law.
I
The panel majority holds that the district court’s and this court’s judgments were not final, and on this ground rules that non-final judicial judgments are subject to overrule by subsequent holdings of the Patent and Trademark Office. I start with the question of finality of the adjudications of infringement and contempt.
The district court, after a jury verdict of infringement, enjoined further infringe *1310 ment of the claims of the three ePlus patents in suit, including claim 26 of U.S. Patent No. 6,023,683 (“the '683 patent”). The district court enjoined infringement until expiration of the '683 patent, the last to expire of the patents, expiration date February 8, 2017. ePlus, Inc. v. Lawson Software, Inc., No. 3:09-cv-620, 2011 WL 2119410, at *24 (E.D.Va. May 23, 2011). The district court found irreparable injury and that the balance of harms strongly favored ePlus, and that there was no adequate alternative remedy at law. Id. at *16. The court extensively explored the evidence and applicable factors, and stated that “without the prohibitive force of an injunction and, of course, the availability of judicial sanctions for violations thereof, [ePlus] would be engaged in a constant action to police Lawson’s conduct.” Id. at *12. The district court denied Lawson’s request for a stay of the permanent injunction. ePlus, Inc. v. Lawson Software, Inc., No. 3:09-cv-620, 2011 WL 2119413, at *7 (E.D.Va. May 24, 2011)., and this court denied Lawson’s motions for stay, ePlus, Inc. v. Lawson Software, Inc., 424 Fed.Appx. 947 (Fed.Cir.2011) and 431 Fed.Appx. 920 (Fed.Cir.2011).
On appeal to the Federal Circuit, we affirmed the judgment as to claim 26 of the '683 patent including the injunction, and reversed as to the other four claims. We remanded “to consider what changes are required to the terms of the injunction, consistent with this opinion. In all other respects, we affirm.” ePlus, Inc. v. Lawson Software, Inc., 700 F.3d 509, 523 (Fed.Cir.2012).
The district court then found that Lawson’s assertedly modified products continued to infringe, and issued an order of civil contempt. ePlus Inc. v. Lawson Software, Inc., 946 F.Supp.2d 449 (E.D.Va.2013). Meanwhile, the Patent & Trademark Office on reexamination held claim 26 invalid, and this court summarily affirmed. In re ePlus, Inc., 540 Fed.Appx. 998 (Fed.Cir.2013).
The issue before us is not whether claim 26 is enforceable against Lawson for future infringement, after the PTO invalidation; the issue is whether the earlier contempt order became retrospectively cancelled, as to past violations of the injunction. The panel so holds, by split decision.
In the panel’s dissenting opinion, Judge O’Malley corrects the panel majority’s error in describing the judicial rulings of infringement as “not final” rulings. From the district court judgment and JMOL, and through the Federal Circuit’s affir-mance, claim 26 was finally held infringed. Infringement was enjoined by permanent injunction, and the defendant’s violation of the injunction was the subject of the civil contempt order.
The panel majority is incorrect in stating that the Federal Circuit “overturned” the injunction. Maj. Op. at 1308. The Federal Circuit affirmed the injunction. ePlus, 700 F.3d at 522. Our final rulings concerning claim 26 were not the subject of remand to the district court. Indeed, on remand the district court pointed out that it could not reconsider the injunction, as Lawson requested, because of the mandate rule. ePlus, 946 F.Supp.2d at 465 (“Under the mandate rule, the Court is prohibited from retrospectively dissolving the injunction as to issues that were affirmed by the Federal Circuit.”).
The concurrence states that “the injunction was not final at the time the claims were cancelled.” Cone. Op. at 1308. That is a misstatement. The injunction was *1311 final. The injunction was modified by the district court, not vacated. “[T]he injunction ... is modified.” ePlus Inc. v. Lawson Software, Inc., 946 F.Supp.2d 459 (E.D.Va.2013) (Order Modifying the Order of Injunction Entered on May 23, 2011). “The injunction ORDER ... shall remain in effect in all other respects.” Id.[1]
The panel majority’s ruling is at odds with all of the regional circuits. The regional circuits have dealt with issues of finality in a variety of circumstances; and the uniform rule is that a final judgment is final as to its subject matter, even if other items remain for consideration or for remand. For example, in Qualcomm Inc. v. FCC, the circuit court affirmed enforcement of the district court’s judgment despite intervening legislative change, even though the case was remanded following appeal. 181 F.3d 1370, 1378-79 (D.C.Cir.1999). In Pye v. Department of Transportation of the State of Georgia, the circuit court stated that“[t]o be final a judgment does not have to dispose of all matters involved in a proceeding.” 513 F.2d 290, 292 (5th Cir.1975) (internal citations omitted). In Zdanok v. Glidden Co., the circuit court stated that “we see no reason why in an appropriate case a ruling that is final on the issue of liability should not preclude the party against whom the decision ran from presenting further evidence on the issue there finally determined.” 327 F.2d 944, 955 (2d Cir.1964). In Bullen v. de Bretteville, the circuit court stated: “A case remanded for further hearing or over which jurisdiction is retained for some purposes may nonetheless be final as to other issues determined.” 239 F.2d 824, 829 (9th Cir.1956), overruled on other grounds by Lacey v. Maricopa County, 693 F.3d 896 (9th Cir.2012).
The panel majority departs from extensive precedent in its position that the judgment of infringement was not final. This aspect alone warrants en banc correction.
II
There is no support in precedent for nullifying judicial rulings of infringement and injunction, retroactively, based on a subsequent decision of the Patent and Trademark Office. The PTO, conducting reexamination of the '683 patent, held claim 26 invalid; this court affirmed by non-precedential opinion, In re ePlus, Inc., 540 Fed.Appx. 998 (Fed.Cir.2013). ePlus does not seek to recover for infringement after the PTO’s invalidity judgment was sustained. That is not the issue now before us.
The issue is the retroactive dissolution of the contempt order for violation of the *1312 injunction during the period before claim 26 was invalidated. The injunction had been entered by the district court almost three years before our affirmance of the decision of the PTO. There was no ruling that the injunction had been improperly imposed, and there was no ruling that it was not violated. Yet the panel majority today holds that the contempt is retroactively voided as if it never existed, although the patent was valid and infringed when the injunction was issued and when it was violated. This holding is contrary to the precedent of all of the regional circuits on similar issues.
A party cited for contempt for violation of a permanent injunction cannot attack the validity of the underlying injunction. As discussed by the First Circuit:
First, a party cited for contempt of a permanent injunction may not then collaterally attack the validity of the underlying decree. N.L.R.B. v. Local 282, Int’l Bhd. of Teamsters, Etc., 428 F.2d 994 (2d Cir.1970). This rule applies at least where the party has had an opportunity to challenge the decree on appeal, See C. Wright & A. Miller, Federal Practice and Procedure, § 2960 (1973), and when the order is not so vague that the party had no notice that its conduct would be considered contemptuous, see International Longshoreman’s [Longshoremen’s] Ass., Local 1291 v. Philadelphia Marine Trade Ass., 389 U.S. 64, 76, 88 S.Ct. 201, 19 L.Ed.2d 236 (1967).
N.L.R.B. v. Union Nacional De Trabajadores, 611 F.2d 926, 928 n. 1 (1st Cir.1979); see, e.g., TiVo Inc. v. EchoStar Corp., 646 F.3d 869, 885-86 (Fed.Cir.2011) (en banc) (refusing to allow “vagueness” challenge to injunction’s validity during contempt proceeding).
Here, Lawson “had an opportunity to challenge the decree on appeal,” Union Nacional, supra, and the Federal Circuit sustained the decree. The panel majority now proposes that United States v. United Mine Workers of America, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947), requires a different outcome. The majority proposes that United Mine Workers holds that civil contempt orders, unlike criminal contempt orders, can be retrospectively eradicated. That is a distortion of the Court’s holding. United Mine Workers involved a temporary restraining order, not a permanent injunction, and related to fines for criminal and civil contempt for past wartime actions of the labor union and its leaders. The Second Circuit explained:
We recognize that a party facing charges of civil contempt has a right to challenge the validity of a temporary injunction which he violated whereas a party facing charges of criminal contempt does not. See United States v. United Mine Workers, 330 U.S. 258, 294-295, 67 S.Ct. 677, 91 L.Ed. 884 (1947). However, where, instead of a temporary injunction, a permanent injunction is violated, the interest in enforcement consists not only of the need to maintain respect for court orders and for judicial procedures, but also of the need to avoid repetitious litigation.
N.L.R.B. v. Local 282, Int’l Bhd. of Teamsters, 428 F.2d 994, 999 (2d Cir.1970). The court further reasoned:
This latter interest, the interest which the doctrine of res judicata serves in all of its applications, militates in favor of barring collateral attacks upon permanent injunctions in civil contempt proceedings as well as in criminal ones. Here Local 282 could have sought review of the breadth of the injunction we issued by a petition for a rehearing, by a petition for a writ of certiorari, or con *1313 ceivably by a petition for a writ of prohibition. These remedies do not appear to have been attempted and, of course, the litigation of issues which have been or could be litigated in a given case should reach repose when final judgment in that case is entered.
Id. Collateral attack on a previously issued permanent injunction contravenes routine considerations of res judicata and finality. The panel majority’s contrary ruling conflicts with all of the circuits in comparable circumstances.
District courts are required to apply the procedural law of their regional circuit in matters not unique to patent law. If injunctions and civil contempt are to receive uniquely different treatment in patent cases, we should act en banc to say so.
Ill
It is beyond debate that Lawson was required to comply with the injunction, for the injunction was neither temporary nor erroneously issued. An injunction is deemed erroneously issued when the order was “reversed by the issuing court or on appeal, or if its issuance exceeded the power of the issuing court.” Reliance Ins. Co. v. Mast Const. Co., 84 F.3d 372, 376 (10th Cir.1996). The Tenth Circuit rejected the argument that expiration of a valid temporary restraining order rendered the order “erroneous” or “invalid” under United Mine Workers for purposes of civil contempt. Id.
In Bethlehem Mines Corp. v. United Mine Workers of Am., 476 F.2d 860 (3d Cir.1973), the Third Circuit, applying United Mine Workers, determined that “erroneously issued” means that “if the underlying order is reversed or vacated during the orderly course of appellate review, then a judgment of civil contempt, though not criminal contempt, must also be set aside.” Id. at 865. Such reversal or vacatur did not here occur.
In Klett v. Pim, 965 F.2d 587 (8th Cir.1992), the Eighth Circuit reviewed a civil contempt order for violation of an injunction that had been rendered moot by a subsequent Act of Congress. The court determined that “if the underlying injunction abates for a reason that does not go to the jurisdiction of the issuing court, a compensatory civil contempt may still be brought” because “[t]he fact that it became moot after the Act was passed does not affect its validity prior to the Act’s passage.” Id. at 590. Here the injunction was indisputably valid.
Worden v. Searls, 121 U.S. 14, 7 S.Ct. 814, 30 L.Ed. 853 (1887), relied on by the panel majority, does not disturb these principles. There the Court, during its review of an infringement decree “and all interlocutory decrees and orders,” id. at 25, 7 S.Ct. 814, determined that “the order for the preliminary injunction was unwarranted as a matter of law,” id. at 26, 7 S.Ct. 814, and reversed the injunction and thus the accompanying contempt.[2] In contrast, here there is no ruling that the order for the injunction was unwarranted as a matter of law, or that it was not a permanent injunction, or that the contempt was improper.
Here the injunction was valid and final when the contempt occurred. An injunc *1314 tion may later be dissolved, but this does not erase past contempt. Today’s decision places the Federal Circuit at odds with the procedural law of the nation.
iv
Although it is a matter of considerable import, review of the relationship between the PTO and the courts is not the primary issue in this request for rehearing en banc. I have focused on the issues of finality of judgment and retroactivity of dissolution of a valid contempt citation, matters bearing important weight of judicial process.
CONCLUSION
The panel majority’s view of finality, and the panel majority’s retrospective vacatur of a civil contempt ruling, are contrary to the general law. If special rules are to apply in patent cases, en banc assessment is required. I respectfully dissent from the court’s refusal to rehear these issues en banc.

. The original injunction order shows that it was in effect as of the day it issued, with a short delay for healthcare providers. "[I]t is hereby ORDERED that the Defendant, Lawson Software, Inc.... are permanently enjoined from directly or indirectly making, using, offering to sell or selling.” ePlus Inc. v. Lawson Software, Inc., No. 3:09cv620, 2011 WL 2119410 (E.D.Va. May 23, 2011) (Order Granting Permanent Injunction). "It is further ORDERED that Lawson ... [is] required to notify all customers who have purchased all or any of the Infringing Products and Services." Id. at 3-4. "It is further ORDERED that this injunction is to remain in effect until ... February 8, 2017.” Id. at 4. “[F]or the 277 customers who previously purchased the infringing systems detailed above before the verdict and who provide only healthcare services, this order will not take effect until November 23, 2011.” Id. at 4.
The concurrence cites the remand for "what changes are required in the terms of the injunction.” Indeed there was a remand, for some patent claims were no longer at issue. But this did not affect the finality of the injunction as to claim 26, final in the district court, and final on appeal, and never cancelled as the district court observed. 946 F.Supp.2d at 465.

. Contrary to the concurrence, Worden does not control on these facts. Worden involved an injunction that was determined on appeal to be erroneously issued in the first place. Worden says nothing about retroactively nullifying an injunction that was affirmed on appeal or reopening an issue that was already decided by this court.